

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

March 6, 1959

Honorable Homer Garrison, Jr.
Director
Texas Department of Public Safety
Austin, Texas

Opinion No. WW-566

Re: Can the Texas Department of
Public Safety lawfully expend
from appropriated funds to pay
for medical service, medical
bills and hospitalization ex-
pense for employees injured in
line of duty, and related

Dear Col. Garrison:                        questions.

We have received your letter of February 19, 1959, in which you request our opinion on the following questions:

"1. Can the Texas Department of Public Safety lawfully expend from appropriated funds to pay for medical service, medical bills and hospitalization expense for employees injured in line of duty?

"2. Can the Department lawfully expend appropriated funds to pay for funeral expenses of employees when death results in line of duty?

"3. Can the Department lawfully pay for medical service in connection with physical examinations given to prospective employees for the benefit of the Department so that it may determine whether they are physically qualified for employment?

"4. Can the Department lawfully pay for medical service in connection with physical examinations of its employees for the benefit of the Department to determine their physical fitness for retention in the Department, promotion, or transfer?"

Because of the considerations involved, we will answer Questions 1 and 2 together.

Section 44, Article III of the Constitution of Texas, reads in part as follows:

"Sec. 44. The Legislature shall provide by law for the compensation of all officers, servants, agents and public contractors, not provided for in this Constitution, but shall not grant extra compensation to any officer, agent, servant, or public contractors, after such public service shall have been performed or contract entered into, for the performance of the same; nor grant, by appropriation or otherwise, any amount of money out of the Treasury of the State, to any individual, on a claim, real or pretended, when the same shall not have been provided for by pre-existing law; . . ." (Emphasis ours.)

Section 51 of Article III of the Constitution of Texas provides in part as follows:

"Sec. 51. The Legislature shall have no power to make any grant or authorize the making of any grant of public money to any individual, association of individuals, municipal or other corporations whatsoever; . . ."(With certain listed exceptions.)

In an opinion dated January 14, 1938, to Honorable George H. Sheppard, Comptroller of Public Accounts, this Department held that neither Section 44 nor Section 51 of Article III of the Constitution of Texas, precluded the Department of Public Safety from paying hospitalization, medical services or funeral expenses of highway patrolmen injured or killed in the line of duty. The appropriation bill there involved provided funds for the payment of hospitalization, medical services and funeral expenses of the patrolmen injured or killed in the line of duty. This conclusion was reached because this Department was of the opinion that providing hospitalization, medical services and funeral expenses was a condition of employment as a patrolman. It was held that such did not constitute prohibited additional compensation, nor did it constitute granting of public money to a private individual.

In the case of Byrd v. City of Dallas, et al, 118 Tex. 28, 6 S.W. 2d 738 (1928), the Supreme Court of Texas had before it the question of the constitutionality of certain laws which provided for a pension plan for retired policemen and firemen.

The Supreme Court in that case said:

". . . It is academic to say the Legislature has power to pass any law which its wisdom suggests that is not forbidden by some provisions of the Constitution (federal or state). If the pension provided for in this act is a gratuity or donation to the beneficiary, it is clearly forbidden by the fundamental law. On the other hand, if it is a part of the compensation of such employee for services rendered to the city, or if it be for a public purpose, then clearly it is a valid exercise of the legislative power."

The Court goes on to say that there is no reason why a city may not engage its servants and employees upon any terms of payment acceptable to both parties. We feel this reasoning is applicable to the State as well, so long as there is pre-existing law authorizing the appropriation of funds for the payment for the services rendered.

The Byrd case (supra) is cited with approval in Attorney General's Opinion O-4140 dated December 9, 1941, which opinion approves the payment of comparable items to employees of the Harris County Navigation District. In that opinion, the controlling distinction is made between a situation wherein the employment contract with the employee is made for a determinable sum per month plus an amount of medical attention; and the situation, on the other hand, where a determinable salary is established and paid, without a promise of the medical attention, then at a subsequent date, after payment of the contract salary and performance of the services of the contract, medical service is given in addition to the contract salary.

In your supplemental letter dated February 27, 1959, you informed us that since the above mentioned 1938 opinion, the Department of Public Safety has recruited its law enforcement personnel with the understanding that they would receive such benefits for injuries or death incurred in the line of duty, and that from that time your Department has had an established procedure for making such payments. You also state that such understanding is a condition of employment of such personnel and is so considered by your Department. To reach the applicable law, we shall assume such to be the case.

Under such circumstances, we feel that there is no constitutional prohibition against making such payments provided there is an appropriated fund authorized by a pre-existing law from which such payments may be made.

The Legislature has, by general statute, authorized the payments of such expenses. Article 4413 (a), Vernon's Civil Statutes, (1957, 55th Leg., 1st Called Session, Ch. 24, p. 99) reads in part as follows:

"In addition to the authority now provided by law the Texas Department of Public Safety may expend public funds for the purposes of paying salaries, . . . drugs, medical, hospital and laboratory expense, and funeral expense when death results in line of duty, . . ." (Emphasis added.)

This statute is authorization, not only for the type of employment contract here made, but is pre-existing law to support the later appropriation by the Legislature.

Moneys appropriated to the Texas Department of Public Safety by the provisions of House Bill 133, Acts of the 55th Legislature,

Honorable Homer Garrison, Jr., page 4 (WW-566)


Regular Session, 1957, Chapter 385, make it clear that a portion of the funds there appropriated are for ". . .funeral expense when death results in line of duty." And, the above mentioned act (Article 4413(a), Vernon's Civil Statutes) in Section 2 reappropriates those funds also for ". . . the purposes set out in Section 1 of this Act in addition to the purposes named in . . ." the appropriation bill.

An appropriation authorized by pre-existing law has been passed by the Legislature of this State to pay drug, medical, hospital and laboratory expenses of Department of Public Safety personnel when injured in line of duty, and funeral expenses when death results in line of duty. The promise of such payments was a condition of employment of such personnel. We are unable to determine a constitutional prohibition which would withhold such payments from those who have labored or served for such privilege. (See: Friedman v. American Surety Co. of New York, 151 S.W. 2d, 570, at 578.)

Your Questions 1 and 2 are answered in the affirmative, under the assumption that such payments will be made from the fund provided in accordance with the regularly established departmental policies, to those employees who have had such a condition attached to their employment.

Because of the considerations involved, we will answer Questions 3 and 4 together.

The controlling distinction here is whether such examinations are given to employees and prospective employees of the Department incident to and in furtherance of the governmental function of the Department; or whether they are given for the private benefit of the employee involved. The nature of the information sought in a physical examination is such that it can be obtained only by a qualified medical examiner and cannot be obtained by the regular Department personnel. In the event examinations for the benefit of the employees involved were to be attempted, such would be prohibited by Section 51 of Article III of the Texas Constitution quoted above.

The examinations you inquire about are, in our opinion given for the benefit of the Department in order for the Department to determine if the persons involved are physically able to perform their officially assigned duties. The examinations would clearly be in furtherance of the State's purpose, and therefore, would have a governmental purpose. The answer to your Questions 3 and 4 is in the affirmative.

SUMMARY

The Department of Public Safety may pay the medical and funeral expenses of employees injured or killed in line of duty so long as

the promise of such payments is a condition of employment of the employee; expenses for medical service incurred in giving employees or prospective employees physical examinations may be paid if the examinations are given in furtherance of the State's purpose.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Tom I. McFarling
Tom I. McFarling
Assistant

TIM:mg:me

APPROVED:

OPINION COMMITTEE
Geo. P. Blackburn, Chairman

John Reeves
Gordon C. Cass
Jack Goodman
Riley E. Fletcher

REVIEWED FOR THE ATTORNEY GENERAL
By:
    W. V. Geppert